IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TRACY SCAIFE** | ) | Case No. |
| 6903 Virginia Ave. | ) | |
| Parma, Ohio 44129 | ) | Judge |
|               Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| **LAKEWOOD HOSPITAL** | ) | **Jury Demand Endorsed Herein** |
| 14519 Detroit Avenue | ) | |
| Lakewood, Ohio 44107 | ) | |
| | ) | |
|     Also serve Statutory Agent: | ) | |
|     Lakewood Hospital Association | ) | |
|     14591 Detroit Avenue | ) | |
|     Lakewood, Ohio 44107 | ) | |
| | ) | |
|     and | ) | |
| | ) | |
| **THE CLEVELAND CLINIC** | ) | |
| **FOUNDATION** | ) | |
| 9500 Euclid Avenue | ) | |
| Cleveland, Ohio 44195 | ) | |
| | ) | |
|     Also serve Statutory Agent: | ) | |
|     CT Corporation, Statutory Agent | ) | |
|     1300 East 9th Street | ) | |
|     Cleveland, Ohio 44114 | ) | |
| | ) | |
|     and | ) | |
| | ) | |

| | |
|---|---|
| **MARK LIBERTIN, M.D.** | ) |
| 6229 North Apple Cross Drive | ) |
| Highland Heights, Ohio 44143 | ) |
| | ) |
| and | ) |
| | ) |
| **CLINIC REGIONAL PHYSICIANS, LLC** | ) |
| 29001 Cedar Road, STE 201 | ) |
| Lyndhurst, Ohio 44124 | ) |
| | ) |
| Also serve Statutory Agent: | ) |
| C.T. Corporation System | ) |
| 1300 East 9th Street | ) |
| Cleveland, Ohio 44114 | ) |
| | ) |
| Defendants. | ) |

## JURISDICTION AND VENUE

1. Jurisdiction of this court is proper as it seeks recovery for Defendants' violation of the Emergency Medial Treatment and Labor Act ("EMTALA") 42 U.S.C. § 1395dd.

2. This action arises from an incident occurring in Cuyahoga County, Ohio, which is located in this judicial District and Division. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(1) as all of the events giving rise to the claim occurred in Cuyahoga County.

## PARTIES

3. Defendants Cleveland Clinic Foundation and Lakewood Hospital are and were corporations or other legal entities duly organized and existing pursuant to the laws of the State of Ohio and operate health care facilities located in and around Cleveland, Ohio.

4. Defendant Cleveland Clinic Foundation leases and operates Lakewood Hospital located at 14519 Detroit Road, Lakewood, Ohio, and both are licensed to render health care services to

patients in the State of Ohio and held themselves out to the public, including Plaintiff, Tracy Scaife, as having the requisite skilled personnel, staff, and equipment to render quality health care services to the public, including Tracy Scaife.

5. Defendants Lakewood Hospital, Cleveland Clinic Foundation and Clinic Regional Physicians, LLC, at all times pertinent herein, employed physicians, nurses, and other medical care providers who provided medical care to Plaintiff and in so doing were acting within the course and scope of their duties for the Lakewood Hospital, Cleveland Clinic Foundation, and/or Clinic Regional Physicians, LLC. Defendants held themselves out to the public, including to Plaintiff, as having the requisite skills and ability to render quality health care services including a full service emergency room to the public, including Tracy Scaife. At all times pertinent herein, Defendants Lakewood Hospital, Cleveland Clinic Foundation and Clinic Regional Physicians, LLC were the employer/principal of Mark Libertin, M.D.

6. Defendant Mark Libertin, M.D. is and was at all times mentioned herein a physician duly licensed and practicing in the State of Ohio.

7. Plaintiff, Tracy Scaife is a natural person and, at all times herein material, was and is an Ohio citizen and resident.

## COUNT I

8. On June 8, 2013, Plaintiff, Tracy Scaife, sought emergency medical treatment at the Lakewood Hospital Emergency Department, which is operated by the Cleveland Clinic Foundation and accepts payment from Medicare.

9. Mark Libertin, MD was the physician assigned to examine and treat Plaintiff.

10. Plaintiff was 33 weeks and 4 days pregnant and was seeking treatment for an emergency medical condition. She advised defendants she had severe intractable pain in her abdomen.

11. Plaintiff was also bleeding internally which should have been readily apparent had the defendants performed the necessary screening examination and testing.

12. Defendants failed to do the necessary screening tests mandated by EMTALA which they normally would have performed.

13. Defendants failed to determine the cause of Plaintiff's pain, internal bleeding and emergency medical condition.

14. Defendants cancelled examinations and tests that would have led to the specific identification of the cause of Plaintiff's emergency medical condition.

15. Had Defendants done the required screening and testing they would have specifically identified that at all times while Plaintiff was in the emergency department she had a hematoma and was actively bleeding internally as the basis for her emergency medical condition.

16. Defendants knew plaintiff had an emergency medical condition.

17. Defendants had the capability to treat plaintiff for her emergency medical condition.

18. Defendants chose to transfer Plaintiff to another hospital, because they did not want to treat Plaintiff for her emergency medical condition.

19. Defendants discriminated against Plaintiff because she did not have medical insurance and/or because of her medical history.

20. Defendants failed to stabilize Plaintiff prior to transfer and transferred her while she was unstable, actively bleeding, and crying out in intractable pain.

21. Plaintiff's condition deteriorated during the transfer and continued to deteriorate thereafter.

22. Defendants' transfer of Plaintiff was unlawful and violated EMTALA 42 U.S.C. § 1395dd.

23. Defendants' transfer of Plaintiff was and is in violation of EMTALA transfer provisions subjected Plaintiff and her unborn children to a substantial risk of harm.

24. Defendants' unlawful transfer of Plaintiff resulted in extreme blood loss and physical injuries to the Plaintiff causing both of her unborn daughters to die in utero.

WHEREFORE, Plaintiff prays for compensatory damages against all Defendants, jointly and severally, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), the exact amount to be proved at trial, plus interest and costs. Additionally that Defendants Cleveland Clinic Foundation, Lakewood Hospital, and Mark Libertin, M.D. each be required to pay the statutory monetary penalties set forth in 42 U.S.C. § 1395dd (d).

Respectfully submitted,

s/ Christopher M. Mellino
CHRISTOPHER M. MELLINO (#0021843)
**THE MELLINO LAW FIRM LLC**
19704 Center Ridge Road
Rocky River, Ohio 44116
Phone: (440) 333-3800
Fax: (440) 333-4152
cmm@mellinolaw.com

s/ Charlie M. Murray
CHARLES M. MURRAY (#0052083)
**MURRAY & MURRAY CO., L.P.A.**
111 East Shoreline Drive
Sandusky, Ohio 44870
Phone: (419) 624-3000
Fax: (419) 624-0707
cmm@murrayandmurray.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands trial by jury in this action.

                                      s/ Christopher M. Mellino
                                      CHRISTOPHER M. MELLINO (#0021843)
                                    **THE MELLINO LAW FIRM LLC**