## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **Tracy Scaife,** | ) | **CASE NO. 1:15 CV 388** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Lakewood Hospital, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

### INTRODUCTION

This matter is before the Court upon Defendants Cleveland Clinic Foundation and Cleveland Clinic Regional Physicians, LLC's Motion to Dismiss Plaintiff's Complaint (Doc. 12). This case arises under the Emergency Medical Treatment and Active Labor Act ("EMTALA"). For the reasons that follow, the motion is DENIED. Plaintiff, however, may not seek statutory penalties in this action.

### FACTS

Plaintiff Tracy Scaife filed this action against defendants Lakewood Hospital, The Cleveland Clinic Foundation ("The Clinic"), Dr. Mark Libertin, and Clinic Regional Physicians,

LLC. The Clinic and Lakewood Hospital are the only remaining defendants as plaintiff voluntarily dismissed defendants Libertin and Cleveland Clinic Regional Physicians, LLC, on July 21, 2015. (Doc. 24). The complaint alleges that defendants violated EMTALA by failing to appropriately screen and stabilize her during her emergency room visit to Lakewood Hospital on June 8, 2013, before transferring her to another hospital.

Plaintiff alleges that she was 33 weeks and 4 days pregnant when she went to the emergency room because of severe pain in her abdomen. She claims that defendants failed to do the necessary screening tests to determine the cause of her pain, which would have revealed that she had a hematoma and was internally bleeding. According to plaintiff, defendants instead transferred her to another hospital because of her medical history and her lack of medical insurance. She alleges that she was in an unstable condition when defendants transferred her and that her condition deteriorated during and after the transfer. This resulted in extreme blood loss and physical injuries to plaintiff and caused both of her unborn daughters to die in utero.

Plaintiff brings one claim for relief under EMTALA. She seeks compensatory damages against defendants and also asks that the Court impose the statutory penalties in Section 1395dd(d) of the statute. The Clinic now moves to dismiss the claim against it and plaintiff opposes the motion.[1]

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in

---

[1] Cleveland Clinic Regional Physicians, LLC, joined in the motion to dismiss, but as noted above, has already been dismissed from the lawsuit.

favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

## **ANALYSIS**

1. Plaintiff's EMTALA claim against The Clinic

Congress passed EMTALA so that patients with emergency medical conditions would receive life-saving care when they arrive at a hospital emergency room, at least until stabilized, without regard to their ability to pay for the care. *Romine v. St. Joseph Health Sys.*, 541 F. App'x 614, 618 (6th Cir. 2013). When a patient comes to the emergency department of a hospital, "the hospital has three requirements under EMTALA: (1) [it] must provide for an appropriate medical screening examination; (2) [it] must provide necessary stabilizing treatment for emergency medical conditions; and (3) [it] may not transfer a patient who is not stabilized (except in certain defined circumstances)." *Id.* (citing 42 U.S.C. § 1395dd).

The Clinic argues that plaintiff's claim against it should be dismissed because "it was not *the* hospital that participated in Plaintiff's care and treatment, and ... Plaintiff failed to plead any substantive facts establishing that it 'operated' Lakewood Hospital's emergency department." (Defs.' Reply Br. at 1). The Clinic asserts that it is a separate corporation from Lakewood Hospital and that plaintiff has done nothing more than plead an affiliation between the two entities. She has not alleged that The Clinic "controlled the actions of the physicians and staff...imposed policies or procedures on physicians treating patients in the emergency room... or directly participated in Plaintiff's treatment." (*Id.* at 4).

Accepting plaintiff's factual allegations as true, her claim against The Clinic does not rest merely on its affiliation with Lakewood Hospital. In fact, contrary to The Clinic's assertions, plaintiff alleges that The Clinic directly handled her care through its operation of Lakewood Hospital and its own employees:

4

- Defendant Cleveland Clinic Foundation leases and operates Lakewood Hospital. (Compl. ¶ 4).

- Defendant[] ... Cleveland Clinic Foundation...at all times pertinent herein, employed physicians, nurses, and other medical care providers who provided medical care to Plaintiff and in so doing were acting within the course and scope of their duties for the ... Cleveland Clinic Foundation. At all times pertinent herein, ... Defendant[] Cleveland Clinic Foundation w[as] the employer/principal of Mark Libertin, M.D. (Compl. ¶ 5).

- On June 8, 2013, Plaintiff, Tracy Scaife, sought emergency medical treatment at the Lakewood Hospital Emergency Department, which is operated by the Cleveland Clinic Foundation. (Compl. ¶ 8).

Discovery might ultimately show that The Clinic did not have "anything to do with the care and treatment Plaintiff received at Lakewood Hospital." (Def.'s Reply Br. at 4). At this point in the litigation, however, plaintiff alleges sufficient facts to survive a motion to dismiss. Though barely, her allegations that The Clinic "operated" Lakewood Hospital and that all of the individuals responsible for her care were employees of The Clinic and acted within the course and scope of their duties are enough to raise a reasonable inference that The Clinic is responsible for her injuries.

For these reasons, The Clinic's motion to dismiss plaintiff's EMTALA claim against it is DENIED.

2.  Plaintiff's claim for civil monetary penalties

In her complaint, plaintiff asks that the Court impose the statutory monetary penalties in 42 U.S.C. § 1395dd(d) against defendants. The Clinic moves to dismiss this portion of plaintiff's prayer for relief because courts have consistently recognized that only the United States government or one of its agencies can enforce EMTALA's civil statutory penalties. *See, e.g., St. Anthony Hosp. v. U.S. Dept. of Health and Human Servs.*, 309 F.3d 680, 693 (10th Cir. 2002)

("EMTALA provides for civil monetary penalties against hospitals and certain physicians who have negligently violated its strictures....Enforcement duties are vested in the Department of Health and Human Services.") Plaintiff has not opposed this portion of The Clinic's motion.

The Court dismisses plaintiff's claim for statutory penalties against defendants because this type of administrative sanction is not available as a private cause of action.

**CONCLUSION**

For the foregoing reasons, Defendants Cleveland Clinic Foundation and Cleveland Clinic Regional Physicians, LLC's Motion to Dismiss Plaintiff's Complaint (Doc. 12) is DENIED. Plaintiff, however, may not seek statutory penalties under EMTALA.

IT IS SO ORDERED.

                                                  */s/ Patricia A. Gaughan*
                                                  PATRICIA A. GAUGHAN
                                                  United States District Judge

Dated: 8/28/15